UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCHWEET LINDE & COULSON, PLLC,

    Plaintiff,

    v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

    Defendant.

Case No. C14-1883RSL

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on "Travelers' Motion for Summary Judgment and for Protective Order Pending Resolution of Summary Judgment" (Dkt. # 13) and plaintiff's "Motion for Rule 56(d) Relief in Opposition to Defendant's Motion for Summary Judgment" (Dkt. # 19). Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for trial genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable factfinder could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and having heard the arguments of counsel, the Court finds as follows:

## BACKGROUND

In December 2013, defendant Travelers Casualty Insurance Company of America ("Travelers") issued an insurance policy to plaintiff Schweet Linde & Coulson, PLLC ("SLC"). On or about May 31, 2014, SLC was contacted by an architectural firm in London that needed assistance collecting an account receivable from a customer in Washington. The potential client sent documents purporting to be a contract with the Washington resident and invoices for the amounts due. SLC and the London firm entered

1  into a fee agreement, and SLC sent the customer a demand letter on June 17, 2014. SLC
2  received a cashier's check for $97,500, the full amount of the demand, on June 26, 2014.
3  The London client requested that SLC wire the money to two different accounts, which
4  SLC was obligated to do under the terms of the fee agreement. Only after the funds were
5  transferred did SLC realize that the cashier's check was a forgery and that it had
6  overdrawn its trust fund account. SLC was able to stop payment on or otherwise recoup
7  almost half of the funds, but was forced to replenish the trust fund account with some of
8  its own monies.

9  SLC notified Travelers of its loss on June 30, 2014. The next day, Travelers
10 determined that there was no coverage under the policy because SLC voluntarily parted
11 with the funds, thereby triggering an express exclusion. Travelers confirmed its denial of
12 coverage in August 2014. This action was filed in December 2014. SLC seeks a
13 declaration of coverage and asserts that Travelers' interpretation of the policy and quick
14 denial of coverage were so unreasonable that they evidenced bad faith, constituted
15 negligence, and violated the Washington Insurance Fair Conduct Act and the Washington
16 Consumer Protection Act. Travelers has moved for summary judgment on all of
17 plaintiff's claims. Plaintiff argues that it is entitled to judgment in its favor or, in the
18 alternative, that it needs discovery regarding how Travelers handled the claim and
19 interpreted the policy provisions in the past in order to respond to defendant's motion.

## DISCUSSION

21 The policy SLC purchased covers the "direct physical loss of . . . Covered
22 Property . . . caused by or resulting from a Covered Cause of Loss." Dkt. # 15 at 30.[1] A

---

[1] For purposes of this motion, the Court assumes that coverage would be available even if the lost funds were held by a third party at a premises other than the one described in the

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

"Covered Cause of Loss" is defined as "RISKS OF DIRECT PHYSICAL LOSS unless the loss is" excluded under Paragraph B. Dkt. # 15 at 32-33. Paragraph B expressly excludes coverage for "loss or damage caused by or resulting from . . . Voluntary parting with any property by you or anyone else to whom you have entrusted the property." Dkt. # 15 at 53-54.[2]

> In Washington, insurance policies are construed as contracts. An insurance policy is construed as a whole, with the policy being given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance. If the language is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists. If the clause is ambiguous, however, extrinsic evidence of intent of the parties may be relied upon to resolve the ambiguity.

Panorama Village Condominium v. Allstate Ins. Co., 144 Wn.2d 130, 137 (2001) (quoting Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 665-66 (2000)) (internal quotations omitted). A policy is ambiguous if its provisions are susceptible to two different interpretations, both of which are reasonable. Allstate Ins. Co. v. Peasley, 131 Wn.2d 420, 424 (1997).

SLC argues that the policy unambiguously covers losses arising from theft and that this coverage should not be reduced or eliminated by the "voluntary parting" exclusion. This argument fails. Theft is undoubtedly one of the risks of loss covered by the policy, and, as SLC notes, it is broadly defined as "any act of stealing." Dkt. # 15 at 68. Theft does not, however, have its own, absolute coverage provision: it is simply part

---

Declarations.

[2] Because the "voluntary parting" exclusion unambiguously applies, the Court need not resolve the issue of whether the loss of funds was direct or indirect.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

of the basic promise to cover all risks of direct physical loss *unless* the loss is excluded. The theft that occurred in this case – one in which the insured was duped into voluntarily parting with the funds – is subject to a specific and unambiguous exclusion. See <u>Schmidt v. The Travelers Indem. Co. of Am.</u>, __ F. Supp.3d __, 2015 WL 1475100 (S.D. Ohio Mar. 31, 2015); <u>Martin, Shudt, Wallace, DiLorenzo & Johnson v. The Travelers Indem. Co. of Conn.</u>, 2014 WL 460045 (N.D.N.Y. Feb. 5, 2014).

While SLC may have been unaware of the donut hole in its coverage, it has not identified an ambiguity or offered a reasonable interpretation of the policy that could justify a finding of coverage. As discussed above, the promise of coverage for all risks, including theft, is limited by the exclusions. Thus, a loss by theft is not covered if SLC voluntarily parted with the property. SLC offers no interpretation of the phrase "voluntary parting" that would make its intentional and uncoerced conveyance of the funds at issue involuntary. SLC argues that, because the exclusion does not contain an explicit reference to fraud, losses resulting from fraud must be covered. The exclusion is broadly written, however, and applies, on its face and without limitation, to all voluntary partings. Nor can the phrase "voluntary parting" be interpreted to mean only gifts or other transfers that are completely altruistic and not compelled by any moral or legal compulsion. A reasonable purchaser of insurance would not expect the policy to cover "losses" associated with transfers of funds SLC was obligated to make, such as payments to employees for wages or to vendors for products. The fact that SLC had an obligation to transfer funds upon the putative client's request and/or to make good on the resulting trust account overdraft does not alter the voluntariness of the wire transfers. SLC parted with those funds through deliberate, intentional, and voluntary acts, even if it lacked perfect knowledge regarding the circumstances surrounding the transfers.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

1    In the context of this case, there is only one reasonable interpretation of the
2 "voluntary parting" exclusion. The Court therefore finds that the exclusion clearly and
3 unambiguously applies to SLC's loss and resort to extrinsic evidence is unnecessary. The
4 Court also finds that defendant's handling of the claim was entirely reasonable given that
5 the undisputed facts surrounding the loss triggered a clear and unambiguous exclusion.
6 No inference of bad faith, unfairness, or deceit arises, and SLC offers no plausible theory
7 under which additional discovery or delay could alter that conclusion.

## CONCLUSION

For all of the foregoing reasons, Travelers' motion for summary judgment (Dkt. # 13) is GRANTED and plaintiff's motion for relief under Rule 56(d) (Dkt. # 19) is DENIED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 28th day of May, 2015.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT